# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STANLEY STEVENSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0641** (BOR Appeal No. 2048016)
                      (Claim No. 2005030140)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stanley Stevenson, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 22, 2013, in which the Board affirmed a December 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 22, 2012, decision which denied a request to reopen the claim on a permanent partial disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stevenson, a belt man, was injured in the course of his employment on January 31, 2005, when his hand was caught between a brake disc and the frame of a mantrip he was repairing. He was determined to be at maximum medical improvement and to have sustained no permanent impairment in an independent medical evaluation by Prasadarao Mukkamala, M.D., on June 30, 2005. The claims administrator closed the claim for permanent partial disability benefits and granted Mr. Stevenson no permanent partial disability award on July 8, 2005.

1

Additional compensable conditions were added to the claim in August of 2005, and Mr. Stevenson thereafter applied for a reopening of the claim for permanent partial disability benefits. He was subsequently granted a 24% permanent partial disability award on January 17, 2008, based upon an independent medical evaluation by Paul Bachwitt, M.D. Mr. Stevenson underwent a final independent medical evaluation by Bruce Guberman, M.D., in September of 2011. Dr. Guberman assessed 55% whole person impairment. Mr. Stevenson again requested a reopening of his claim for permanent partial disability benefits on April 23, 2012.

The claims administrator denied the April 23, 2012, request to reopen the claim. The Office of Judges affirmed the decision in its December 13, 2012, Order. It found that pursuant to West Virginia Code § 23-4-16(a)(2) (2005), in any claim in which an award of permanent impairment has been made, reopening requests must be filed within five years of the date of the initial award. The Office of Judges also relied upon *Wampler Foods v. Workers' Compensation Division,* 216 W.Va. 129, 602 S.E.2d 805 (2004) in which this Court determined that the term "award" means any decision upon an issue submitted for resolution, whether the award is favorable to the claimant or not. In Mr. Stevenson's case, the Office of Judges found that he was granted no permanent partial disability award by a July 8, 2005, claims administrator's decision. The Office of Judges determined that the decision was the first or initial permanent partial disability award in the claim. Therefore, pursuant to the clear language of West Virginia Code § 23-4-16(a)(2), Mr. Stevenson had five years in which to request a reopening for additional permanent partial disability. His reopening request was made on April 23, 2012, clearly outside of the allowed five year time period.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 22, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Stevenson's request is time-barred by West Virginia Code § 23-4-16(a)(2).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified